Argued and submitted July 22, reversed and remanded October 5, 1981

In the Matter of the Conservatorship
of the Estate of Byron Glade Birch,
a Protected Person,

CROFOOT,
*Appellant,*

*v.*

OREGON STATE BAR et al,
*Respondents.*

(No. 124-240, CA A20402)

634 P2d 284

Morton A. Winkel, Portland, argued the cause and filed the briefs for appellant.

William T. Cromwell, Portland, argued the cause for respondent Oregon State Bar. With him on the brief was Cramer & Cromwell, Portland.

Grant E. Tanner, Portland, attorney for respondent Rainier Properties, concurred in the brief of respondent Oregon State Bar.

Richard A. Uffelman, Portland, waived appearance for respondent Kenneth Schumann.

No appearance for respondent Clarene E. Birch.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The sole issue in this case is who has priority on the limited assets of the conservatorship estate. The conservator maintains the protected person and his dependents have priority pursuant to ORS 126.377. Respondents, judgment creditors of the conservatorship estate, maintain they have priority pursuant to ORS 18.350.[1] The probate court agreed with respondents, and the conservator appeals. We agree with the conservator and reverse and remand.

The facts are not in dispute. The conservator of the estate of Byron Glade Birch petitioned the probate court for authority to disburse estate funds for Birch's subsistence, for a child support obligation, for a hospital policy for the benefit of Birch and for administrative expenses. Respondents, who had judgment liens on real property owned by Birch, objected. Respondents and the conservator stipulated the real property could be sold free of respondents' judgments, and an order was thereafter entered allowing a sale. The order provided that the conservator was to retain the proceeds of the sale and that respondents would retain their liens on the proceeds with the same priority as they previously had with regard to the real property.

Respondents contend that the proceeds of the sale remain subject to their judgment liens which encumbered the real property prior to its sale,[2] and that any rights of Birch and his dependents are, as a matter of law, inferior to their rights. The probate court ordered that the assets of the estate should first be applied to the expenses of winding up the estate, and that any remaining assets be divided pro-rata among the respondents.

[1] ORS 18.350(1) provides:

"From the time of docketing an original or renewed judgment or the transcript thereof, as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which he may afterwards acquire therein, during the time prescribed in ORS 18.360."

[2] The conservator does not contend the respondents lost any of their rights because the real property was sold.

ORS 126.377 provides:

"If it appears that the estate in conservatorship is likely to be exhausted before all claims are paid, preference is to be given to claims for the care, maintenance and education of the protected person or his dependents and claims for expenses of administration.

We conclude that ORS 126.377 is controlling. The legislative history indicates it was taken from article 5 of the Uniform Probate Code (UPC). House Judiciary Comm., *Minutes of the Hearings on S.B. 407* (June 14, 1973; testimony of Janet Merrill, attorney for Oregon Legislative Counsel). The related section of the UPC differs significantly, however, from ORS 126.377. It provides:

"If it appears that the estate in conservatorship is likely to be exhausted before all *existing* claims are paid, preference is to be given to *prior* claims for the care, maintenance and education of the protected person or his dependents and *existing* claims for expenses of administration." Uniform Probate Code § 5-428(c). (Emphasis added.)

The conclusion reached by the probate court might have been justified if Oregon had adopted section 5-428(c) of the UPC verbatim, because the words "prior" and "existing" indicate an intention to extinguish the preference in favor of a protected person or his dependents at such time as other claims are recognized. However, by eliminating the words "existing" and "prior" from ORS 126.377, the legislature expressed its intent that preference be given to the welfare of a protected person and his dependents, at the expense of other claimants.

Accordingly, we reverse that portion of the probate court's order directing that, after first winding up the estate, the remaining assets of the estate be divided prorata among the respondents.[3]

---

[3] The conservator also contends that the probate court ordered the termination of the conservatorship without a petition for termination having been filed and without a hearing on the issue of termination in violation of ORS 126.387. The probate court did not order the termination of the conservatorship. The challenged order provides in part:

"* * * with the exception of the sum of $3,435.69, referred to hereinafter, the remaining assets of the estate shall first be applied to the expenses of winding up the estate, * * *, and that the remaining assets of the estate be divided pro-rata among the lien claimants * * * as their interests may appear, and

Reversed and remanded.

"* * * that the Conservator shall submit to the Court an appropriate petition regarding the disposition of said * * * $3,435.69."

A conservatorship may be terminated only upon the basis of a petition and then only after notice and a hearing to determine that the minority or disability of the protected person has ceased. ORS 126.387.